BROWN GAVALAS & FROMM LLP
Attorneys for Plaintiff
DEVAL DENIZCILIK VE TICARET A.S.
355 Lexington Avenue
New York, New York 10017
212-983-8500

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEWYORK
------------------------------------------------------------X
DEVAL DENIZCILIK VE TICARET A.S.,

                Plaintiff,

  -against-

MISRIEEN CONSTRUCTION MATERIALS
(a/k/a MISRIEEN CONSTRUCTION OF
CAIRO); MISRIEEN CONSTRUCTION
MATERIALS & TRADING COMPANY (a/k/a
MISRIEEN CONSTRUCTION MATERIALS &
TRADE COMPANY) (a/k/a MASRIEEN
CONSTRUCTION MATERIALS AND TRADE
CO); EL-MASSREYEEN CO. FOR BUILDING
MATERIALS & TRADE (a/k/a EL-
MASSREYIN CO. FOR BUILDING
MATERIALS & TRADE),

                Defendants.
------------------------------------------------------------X

07 Civ.

**VERIFIED COMPLAINT**



JUDGE SULLIVAN
07 CIV 8662

RECEIVED
OCT 0 5 2007
U.S.D.C. S.D.N.Y.
CASHIERS

      Plaintiff, DEVAL DENIZCILIK VE TICARET A.S. ("Plaintiff"), by its

attorneys, Brown Gavalas & Fromm LLP, as and for its Verified Complaint against

Defendants, MISRIEEN CONSTRUCTION MATERIALS (a/k/a MISRIEEN

CONSTRUCTION OF CAIRO); MISRIEEN CONSTRUCTION MATERIALS &

TRADING COMPANY (a/k/a MISRIEEN CONSTRUCTION MATERIALS & TRADE

COMPANY) (a/k/a MASRIEEN CONSTRUCTION MATERIALS AND TRADE CO);

EL-MASSREYEEN CO. FOR BUILDING MATERIALS & TRADE (a/k/a EL-

MASSREYIN CO. FOR BUILDING MATERIALS & TRADE) (hereinafter collectively referred to as "Defendants"), alleges upon information and belief as follows:

1. This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. The Court has jurisdiction under 28 U.S.C. § 1333.

2. At all material times, Plaintiff was and now is a corporation duly organized and existing under and by virtue of the laws of the Republic of Turkey, with an office and place of business in Istanbul, Turkey.

3. Upon information and belief, at all material times, Defendants were and still are corporations organized and existing under and by virtue of the laws of Egypt, with an office and principal place of business in Cairo, Egypt.

4. At all material times, Plaintiff was the owner of the motor vessel M/V SERRA DEVAL ("the Vessel").

5. On or about August 27, 1996, a charter party agreement was entered into by and between Plaintiff and defendant Misrieen Construction Materials whereby Plaintiff, agreed to let, and Misrieen Construction Materials, as charterer, agreed to hire the Vessel for six consecutive voyages, under certain terms more fully set out therein, from Constantza or Agigea, Romania to Alexandria, Egypt (hereinafter the "Charter Agreement").

6. At the conclusion of the charter of the Vessel, and in breach of the Charter Agreement, defendant Misrieen Construction Materials failed and subsequently refused to pay Plaintiff the balance due Plaintiff, including demurrage and other amounts payable to Plaintiff pursuant to the terms of the Charter Agreement.

7.	In accordance with a binding arbitration clause in the Charter Agreement, Plaintiff commenced arbitration proceedings in London, England to recover the amounts due from Defendants, as aforesaid.

8.	An arbitrator issued a final arbitration award on April 18, 2002, finding that "Misrieen Construction Materials" was required to pay Plaintiff the principal sum of $31,750, together with interest at a rate of 7.5% per annum, compounded quarterly from November 1, 1996 until the date of payment of the award by Defendants. The arbitrator also issued a final award as to costs on July 26, 2002.

9.	In the awards the arbitrator also awarded Plaintiff the sum of £21,856.50, or $44,605.10 at the September 24, 2007 exchange rate of USD 1 = GBP 0.49, representing Plaintiff's recoverable costs, together with interest at a rate of 6% per annum, compounded quarterly, from April 18, 2002 until the date of payment of the award by the Defendants.

10.	Plaintiff was also entitled to recover under the award, costs related to the final Arbitration Award in the amount of £3,754.50, or $7,662.24 at the September 24, 2007 exchange rate of USD 1=GBP 0.49 together with interest at a rate of 6% per annum, compounded quarterly, from April 18, 2002 until the date of payment of the award by the Defendants.

11.	Plaintiff was also entitled to recover under the award, costs related to the final Award on Costs in the amount of £885, or $1806.12 at the September 24, 2007 exchange rate of USD 1=GBP 0.49 together with interest at a rate of 6% per annum, compounded quarterly, from July 31, 2002 until the date of payment of the award by the Defendants.

12. On information and belief, the Defendants herein, share officers, directors and personnel, as well as common offices and addresses in, among other places, Cairo and Alexandria, Egypt.

13. Upon information and belief, Defendants herein, transact business as "Misrieen Construction Materials," and are jointly and severally liable for the obligations of "Misrieen Construction Materials."

14. Upon information and belief, Defendants herein are guarantors of the obligations of "Misrieen Construction Materials."

15. Upon information and belief, Defendants exercise such complete domination and control over "Misrieen Construction Materials" and/or disregarded its corporate form, and/or conducted its business and operations as if the same were their own, that adherence to the fiction of the separate existence of the Defendants as entities distinct from one another and/or the separate existence of "Misrieen Construction Materials", as distinct from said Defendants, would permit an abuse of the corporate privilege and would sanction fraud and promote injustice.

16. Upon information and belief, there exists, and at all times herein mentioned, there existed, a unity of interest and ownership between and amongst Defendants, such that any individuality and separateness between said Defendants have ceased, and Defendants, and each of them, are the alter egos of each other.

17. Defendants have failed and refused to satisfy the sum due to Plaintiff under the arbitration awards, as aforesaid, causing Plaintiff to incur additional costs of approximately $11,000 to enforce said arbitration awards.

18. The total sum due Plaintiff under the April 18, 2002 and July 26, 2002

arbitration awards, inclusive of Paragraphs 8-11 above, is:

| | | |
|---|---|---|
| a. | Principal Amount | $31,750.00 |
| b. | Interest on Principal Amount at 7.5% from Nov. 1, 1996-Oct. 5, 2007 | $39,782.78 |
| c. | Costs of Final Arbitration Award | $7,662.24 |
| d. | Interest on Costs of Final Arbitration Award from Apr. 18, 2002 to Oct. 5, 2007 | $2,949.67 |
| e. | Owners' Recoverable Costs | $44,605.10 |
| f. | Interest on Owners' Recoverable Costs from Apr. 17, 2002 to Oct. 5, 2007 | $17,171.29 |
| g. | Cost of Award on Costs | $1,806.12 |
| h. | Interest on Cost of Award on Costs from Jul. 31, 2002 to Oct. 5, 2007 | $653.20 |
| i. | Costs of Enforcement of Final Arbitration Awards (approximate) | $11,000.0 |
| | TOTAL | $157,380.40 |

19. Plaintiff seeks to enforce the London arbitration award in Plaintiff's favor and this action is in aid of said arbitration proceedings, as aforesaid, in accordance with 9 U.S.C. § 8.

20. Upon information and belief, Defendants cannot be found within the District within the meaning of Supplemental Rule B of the Federal Rules Civil Procedure, but are believed to have, or will have during the pendency of this action, assets within this District, specifically including cash, funds, freight, hire, accounts and other property, in the hands of garnishees in the District including but not limited to American Express Bank, Ltd.; ABN-AMRO Bank; Standard Chartered PLC; HSBC Bank; Bank of America; BNP New York; Bank of New York; J.P. Morgan Chase; Deutsche Bank;

5

Citibank; Mashreq Bank; Bank of China and Wachovia Bank, which are believed to be due and owing to the Defendants.

WHEREFORE Plaintiff prays:

A. That process in due form of law according to the practice of this Court in admiralty and maritime jurisdiction issue against the Defendants, citing them to appear and answer under oath all and singular the matters alleged in the Verified Complaint;

B. That since the Defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of the Court to issue Process of Attachment and Garnishment, pursuant to Rule B of the Supplemental Admiralty Rules and the United States Arbitration Act, 9 U.S.C §§ 1 and 8, attaching all cash, goods, chattels, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds held by any garnishee, including American Express Bank, Ltd.; ABN-AMRO Bank; Standard Chartered PLC; HSBC Bank; Bank of America; BNP New York; Bank of New York; J.P. Morgan Chase; Deutsche Bank; Citibank; Mashreq Bank; Bank of China and Wachovia Bank, which are due and owing to the Defendants, in the amount of $157,380.40, to secure the Plaintiff's claim, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged;

C. That this action be stayed and this Court retain jurisdiction over this matter through the entry of any judgment or award, and any appeals thereof; and

D. That Plaintiff have such other, further and different relief as this Court may deem just and proper.

Dated: New York, New York
      October 5, 2007

                            BROWN GAVALAS & FROMM LLP
                            Attorneys for Plaintiff
                            DEVAL DENIZCILIK VE TICARET A.S.

By: _____
     Peter Skoufalos (PS-0105)
     355 Lexington Avenue
     New York, New York 10017
     212-983-8500

## VERIFICATION

STATE OF NEW YORK    )
                     : ss.:
COUNTY OF NEW YORK   )

PETER SKOUFALOS, being duly sworn, deposes and says:

1. I am a member of the bar of this Honorable Court and of the firm of Brown Gavalas & Fromm LLP, attorneys for Plaintiff.

2. I have read the foregoing Verified Complaint and I believe the contents thereof are true.

3. The reason this Verification is made by deponent and not by Plaintiff is that Plaintiff is a foreign corporation, no officer or director of which is within this jurisdiction.

4. The sources of my information and belief are documents provided to me and statements made to me by representatives of the Plaintiff.

PETER SKOUFALOS

Sworn to before me this
5th day of October, 2007

_____
Notary Public

DONALD P. BLYDENBURGH
Notary Public, State of New York
No. 01BL6065999
Qualified in Suffolk County
Term Expires March 16, 20_10_